OPINION
On August 18, 1995, the Stark County Grand Jury indicted appellant, Gary Duane Jones, on one count of gross sexual imposition in violation of R.C. 2907.05(A). Said charge arose from an incident involving an eight year old boy. On September 20, 1995, appellant pled guilty as charged. By judgment entry filed November 1, 1995, the trial court sentenced appellant to a definite term of two years in prison. Appellant served his sentence and was released from prison on or about March 16, 1997. On April 7, 1997, the trial court set a hearing for April 23, 1997 to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. On April 18, 1997, appellant filed a motion to dismiss claiming the trial court lacked jurisdiction to hold said hearing due to appellant's release from prison. By judgment entry filed May 12, 1997, the trial court denied said motion. The hearing was eventually held on June 30, 1997. By judgment entry filed July 2, 1997, the trial court adjudicated appellant to be a sexual predator. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I
THE TRIAL COURT LACKED JURISDICTION TO HOLD A HEARING AND FIND DEFENDANT-APPELLANT A SEXUAL PREDATOR.
 II
THE TRIAL COURT ERRED IN USING UNSUBSTANTIATED HEARSAY EVIDENCE IN SUPPORT OF ITS FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR.
 I
Appellant claims the trial court lacked jurisdiction to adjudicate him a sexual predator because his hearing pursuant to R.C.2950.09(C)(1) was not held prior to his release from prison. We agree. Pursuant to R.C. 2950.09(C)(1), if an offender convicted of a sexually oriented offense and sentenced prior to January 1, 1997 is still serving the term of imprisonment after said date, the department of rehabilitation and correction shall determine "prior to the offender's release" "whether to recommend that the offender be adjudicated as being a sexual predator." Once such a recommendation is made, the trial court must proceed to determine whether to accept or deny the recommendation. Appellant was incarcerated on or about November 1, 1995 and released on March 16, 1997. By entry filed April 7, 1997, the trial court set a classification hearing for April 23, 1997. On said date, the hearing was continued to May 7, 1997. On May 29, 1997, appellant filed a motion for continuance and time waiver. Appellee, the State of Ohio, argues this filing waived appellant's jurisdictional argument. We disagree. The filing does not bear appellant's signature. Furthermore, the filing was filed by a different attorney than the attorney that had filed the motion to dismiss on April 18, 1997. The record does not contain a notice of substitution of counsel therefore, we conclude the filing does not waive the jurisdictional argument raised sub judice. The classification hearing was eventually held on June 30, 1997. Appellant acknowledges the recommendation from the department of rehabilitation and correction was timely made (before his release from prison). However, appellant argues because the hearing was held after his release, the trial court lacked jurisdiction to adjudicate him a sexual predator. In State v. Brewer (January 12, 1998), Clermont App. No. CA97-03-030, unreported, our brethren from the twelfth district addressed this same fact pattern and held the following: * * * we must conclude that the legislative scheme appears to assume that pre-release classification will occur. Several sections of the statute impose a duty on the offender or on law enforcement officials that is contingent upon the adjudication being made before the imprisoned offender is released. Offenders who, like Brewer, were serving a prison term at the time the statute went into effect, are defined to be `adjudicated as being a sexual predator' if the trial court makes its determination `prior to the offender's release from imprisonment.' R.C. 2950.01(G)(3). (Emphasis added.) The registration provisions (FN2) also support this position. See, e.g., R.C. 2950.03(A)(1) (`[the official in charge of the prison] shall provide the notice [of a duty to register] to the offender at least ten days before the offender is released * * * from the prison term'); R.C. 2950.05(A)(1) (an offender who was serving a prison term when the statute went into effect is required to register with the county sheriff within seven days of coming into the county where he will reside, suggesting that sexual predator classification has occurred prior to the offender's release); R.C.2950.07(A)(1) (for offenders who were serving a prison term when the statute went into effect, the duty to register commences on the date of the offender's release from prison) (Emphasis added.) R.C. 2950.09(D)(1)(a) provides that an offender who is classified as a sexual predator prior to release may file a petition asking the court to determine that he is no longer a sexual predator `one year prior to the offender's release from imprisonment.' Finally, the statement of legislative intent suggests that pre-release classification serves the public interest: `If the public is provided adequate notice and information about sexual predators * * * [i]t can develop constructive plans to prepare * * * for the sexual predator's * * * release from imprisonment * * *.' See R.C.2950.02(A)(1). (Emphasis added.)
See, also, two similar opinions from the tenth district, State v. Rhodes (March 24, 1998), Franklin App. No. 97APR06-793, unreported, and State v. Sowards (March 26, 1998), Franklin App. No. 97APA07-907, unreported.
We concur with the above reasoning. The legislature, in providing for pre-statute classification, correctly chose to set limits on its retroactivity. To permit sexual predator classifications to be attempted after release would create a burden upon trial courts. Further, once terms of imprisonment are served, trial courts no longer have jurisdiction over adult offenders. Assignment of Error I is granted.
 II
Appellant claims the trial court erred in using hearsay evidence in its determination. Based upon our decision in Assignment of Error I, this assignment of error is moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.